1 | ASIM K. DESAI  (SBN:  175402)
MARGRET G. PARKE  (SBN:  126120)
2 | JOHN S. NA (SBN: 193969)
GORDON REES SCULLY MANSUKHANI, LLP
3 | 633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
4 | Telephone:  (213) 270-7850
Facsimile:  (213) 680-4470
5 | E-mail:  adesai@grsm.com
mparke@grsm.com
6 | jna@grsm.com

7 | Attorneys for Defendant
MESA UNDERWRITERS SPECIALTY
8 | INSURANCE COMPANY

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12

13

_(sidebar)_ **Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

| | |
|---|---|
| CENTURY TREE SERVICE, INC., dba CENTURY PRODUCTS, a California corporation; PURE BODY LOGICS, INC., a California corporation; and FLOYD THOMAS SMITH, an individual<br><br>                          Plaintiffs,<br><br>          vs.<br><br>MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an entity; and DOES 1 to 50, INCLUSIVE<br><br>                          Defendants. | CASE NO.  8:22-cv-783<br><br>**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)**<br><br>[Filed concurrently with Certificate of Interested Parties, and Declaration of Joanne McGovern, Declaration of John Na]<br><br>Complaint filed:  02/24/2022 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Mesa Underwriters Specialty

Insurance Company ("MUSIC") hereby seeks removal of the above-entitled action

from the Superior Court of the State of California in and for the County of Orange

-1-

DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE
COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
(DIVERSITY)

to the United States District Court pursuant to 28 U.S. C. §§ 1331 and 1446. This notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 (diversity of citizenship).

## I. <u>JURISDICTION</u>

1. On February 24, 2022, Century Tree Service, Inc., dba Century Products, Pure Body Logics, Inc., and Floyd Thomas Smith ("Plaintiffs") commenced an action in the Superior Court of the State of California in and for the County of Orange entitled *Century Tree Service, Inc. dba Century Products, Pure Body Logics, Inc., and Floyd Thomas Smith v. Mesa Underwriters Specialty Insurance Company*, Case No. 30-2022-01247108-CU-IC-CXC ("the Century Tree Action"), (Exhibit "A" attached to Declaration of Joanne McGovern ("McGovern Dec.").

2. The Century Tree Action could have originally been filed in this Court pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists and because the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court therefore has original jurisdiction over this matter, and it is removable pursuant to 28 U.S.C. § 1441(a) and (b).

## II. <u>THE NOTICE OF REMOVAL IS TIMELY</u>

3. The complaint in the Century Tree Action, along with the summons, was served on MUSIC on March 9, 2022. (McGovern Dec., at p. 2, ¶¶ 3-4 and Exhibits "A" and "B" attached thereto.)

4. At no time prior to March 9, 2022, did MUSIC receive a copy of either the summons or complaint. (McGovern Dec., at p. 2, ¶ 5.)

5. The only other documents served on MUSIC prior to its filing this Notice of Removal were: (a) Civil Case Coverage Sheet; (b) ADR Information Package; and (c) ADR Stipulation. (McGovern Dec., at p. 2, ¶ 6 and Exhibit "C" attached thereto.)

DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

6.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides that such notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter."  MUSIC has filed this notice within 30 days after receipt of the summons and complaint filed in the Century Tree Action.

7.      The defendants designated in the summons and complaint as Does 1 to 50 are fictitious defendants and are to be disregard for the purposes of removal. 29 U.S.C. § 1441(a).

8.      On April 7, 2022 an Answer was filed in state court on behalf of MUSIC in connection with the Century Tree Action. (Declaration of John Na at p. 2, ¶ 2 and Exhibit "A" attached thereto.)

## III.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

### A.      Century Tree Service, Inc. dba Century Products

9.      MUSIC is informed and believes, and upon such information and belief alleges, that Century Tree Service, Inc. dba Century Products is a California corporation that is registered to do business in the state of California.  The complaint filed in Orange County Superior Court in the Century Tree Action identifies it as "a corporation organized in California with its principal place of business in the City of Anaheim, County of Orange, State of California, and is and has been duly authorized to conduct business in California."  (Exhibit "A" to McGovern Dec., at pp. 2, ¶ 2.)

### B.      Pure Body Logics, Inc.

10.     MUSIC is informed and believes, and upon such information and belief alleges, that Pure Body Logics, Inc. is a California corporation that is

DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1  registered to do business in the state of California.  The complaint filed in Orange

2  County Superior Court in the Century Tree Action identifies it as "a corporation

3  organized in California with its principal place of business in the City of Anaheim,

4  County of Orange, State of California, and is and has been duly authorized to

5  conduct business in California." (Exhibit "A" to McGovern Dec., at pp. 2, ¶ 3.)

6  **C.  Floyd Thomas Smith**

7  11.  MUSIC is informed and believes, and upon such information and

8  belief alleges that Floyd Thomas Smith ("Smith") is an individual of majority age

9  residing in the County of Orange, State of California.  The complaint filed in

10  Orange County Superior Court in the Century Tree Action identifies him as

11  "residing in County of Orange, State of California, and is and has been a

12  stockholder, director, and officer of Century." (Exhibit "A" to McGovern Dec., at

13  p. 2, ¶ 4.)

14  **D.  Mesa Underwriters Specialty Insurance Company**

15  12.  MUSIC is, and was at the time the complaint in the Century Tree

16  Action was served, a company incorporated in New Jersey. MUSIC's principal

17  place of business is in Branchville, New Jersey. (McGovern Dec., at p 3, ¶ 8.)

18  MUSIC has no business offices located in California. (*Id.*)

19  **IV.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

20  13.  MUSIC respectfully submits that, based upon the Century Tree Action

21  complaint, the amount of Plaintiffs' claimed damages clearly exceeds $75,000.

22  14.  The complaint in the Century Tree Action alleges that it arises out of

23  an insurance claim submitted by Plaintiffs under "various Commercial General

24  Liability Policies, including Policy Nos. MP000 8011859, MP0004008012457,

25  MP0004008013408, MP0004008014872, MP0004008010747,

26  MP0004008013852, and MP0004008015375, all collectively in effect from

27  11/18/2017 to 11/18/2022."   (Exhibit "A" to McGovern Dec., at p. 3, ¶ 11.)

28

-4-

DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE
COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
(DIVERSITY)

15.     Plaintiffs seeks coverage under the policies for a defense and indemnity of claims alleged against them in an underlying lawsuit filed in U.S. District Court, Central District of California, Case No. 8:20-cv-0242, entitled *GForce Corporation. v. Floyd Thomas Smith, et al.,* ("Underlying Lawsuit"). The Underlying Lawsuit makes factual allegations that one or more of the Plaintiffs infringed trademarks, diluted trademark rights, converted and/or misappropriated products, and unfairly competed, causing GForce damages. (Exhibit "D" to McGovern Dec.)

16.     In Underlying Lawsuit, for which Plaintiffs seeks a defense and indemnity in the Century Tree Action, the plaintiff alleges that it would be entitled to recover "treble damages, or, alternatively, statutory damages of between $1,000 and $200,000 for each counterfeit piece of equipment" sold by defendants. (Exhibit "D" to McGovern Dec., at ¶ 72.)

17.     In the Underlying Lawsuit, plaintiffs pray for compensatory damages, defendants' profits attributable to their alleged trademark infringement; treble damages, or alternatively, statutory damages "in the amount of $1,000 to $200,000 per piece of equipment". (Exhibit "D" to McGovern Dec., Prayer, p. 15; McGovern Dec., p. 3, ¶ 13.)

18.     In the Century Tree Action, the complaint alleges that Plaintiffs have suffered and will continue to suffer damages, without limit, attorneys' fees, litigation costs, expert witness costs, judgment and interest and indemnity amounts, all to be shown at the time of trial.  (Exhibit "A" to McGovern Dec., at p. 11, ¶ 44; p. 13, ¶ 63.)

## V.  <u>THE OTHER PREREQUISITES HAVE BEEN SATISFIED</u>

19.     Pursuant to 28 U.S.C. § 1446(d) Notice to Adverse Party of Removal to Federal Court will be served "promptly" on Plaintiffs.  Additionally, the Notice to Adverse Party of Removal to Federal Court will be filed with the Superior Court

1   of California, County of Orange, also pursuant to 28 U.S.C. § 1446(d).

2       20.   If any question arises as to the propriety of the removal of the Century

3   Action, MUSIC requests the opportunity to present a brief and oral argument in

4   support of their position that this case should be removed to District Court based

5   upon diversity of citizenship.

6       WHEREFORE, MUSIC desires to remove this case to the United States

7   District Court for the Southern District of California, pray that the filing of the

8   Notice to Adverse Party of Removal to Federal Court with the Clerk of the

9   Superior Court of California, County of Orange, shall effect the removal of this

10  action to District Court. 28 U.S.C. § 1446(d).

11   Dated:  April 8, 2022                    Respectfully submitted,

12                                            GORDON REES SCULLY
                                              MANSUKHANI, LLP
13

14                                            By: _____

15                                            Asim K. Desai
                                              Margret G. Parke
16                                            John S. Na
                                              Attorneys for Defendant Mesa
17                                            Underwriters Specialty Insurance
                                              Company
18

19

20

21

22

23

24

25

26

27

28

1238430/65968673v.1

DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE
COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
(DIVERSITY)

*Gordon Rees Scully Mansukhani, LLP*
*633 West Fifth Street, 52nd floor*
*Los Angeles, CA 90071*

# EXHIBIT A

Phillip Geurts, SBN 231320
Geurts Law Firm
17011 Beach Blvd., Suite 900
Huntington Beach, CA 92647
Telephone: 714-307-9192
Facsimile: 949-861-6155
Email Address: phil@mgcalaw.com
*Attorney for Plaintiffs*
Century Tree Service, Inc.,
Pure Body Logics, Inc., and
Floyd Thomas Smith

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| CENTURY TREE SERVICE, INC., dba CENTURY PRODUCTS, a California corporation; PURE BODY LOGICS, INC., a California corporation; and FLOYD THOMAS SMITH, an individual, | Case No. 30-2022-01247108-CU-IC-CXC |
| | ASSIGNED FOR ALL PURPOSES TO JUDICIAL OFFICER: Judge Peter Wilson |
| Plaintiffs, | DEPT.: CX-102 |
| v. | **COMPLAINT** |
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an entity; and DOES 1 to 50, inclusive, | **1. BREACH OF CONTRACT RE CENTURY AND SMITH** |
| | **2. BAD FAITH RE CENTURY AND SMITH** |
| | **3. BREACH OF CONTRACT RE PURE BODY AND SMITH** |
| Defendants. | **4. BAD FAITH RE PURE BODY AND SMITH** |
| | **3. UNFAIR BUSINESS PRACTICES** |
| | **4. DECLARATORY RELIEF** |

Plaintiff CENTURY TREE SERVICE, INC., DBA CENTURY PRODUCTS, a California corporation (referenced as "Century"), Plaintiff PURE BODY LOGICS, INC., a California corporation (referenced as "Pure Body"), and Plaintiff FLOYD THOMAS SMITH, an individual (referenced as "Smith") (collectively, "Plaintiffs"), by and through their counsel of record, Phillip Geurts of Geurts Law Firm, complain and allege against Defendants MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an entity, (referenced as "MUSIC") and Does 1 to 50, inclusive (referenced as Doe Defendants) (collectively "Defendants") as follows:

1.    This case seeks declaratory relief and damages for breach of contract and bad faith against the Defendants in connection with the underlying action *GForce Corporation v.*

*Floyd Thomas Smith, et al.* Case No. 8:20-cv-0242, filed in the United States District Court, Central District of California on December 24, 2020 ("Underlying Case").

## THE PARTIES

2.     For all times relevant to this Complaint, Plaintiff CENTURY TREE SERVICE, INC., dba CENTURY PRODUCTS ( "Century"), is and has been a corporation organized in California with its principal place of business in the City of Anaheim, County of Orange, State of California, and is and has been duly authorized to conduct business in California.

3.     For all times relevant to this Complaint, Plaintiff PURE BODY LOGICS, INC. ("Pure Body"), is and has been a corporation organized in California with its principal place of business in the City of Anaheim, County of Orange, State of California, and is and has been duly authorized to conduct business in California.

4.     For all times relevant to this Complaint, Plaintiff FLOYD THOMAS SMITH ("Smith"), is and has been an individual of majority age residing in County of Orange, State of California, and is and has been a stockholder, director, and officer of Century.

5.     Plaintiffs are informed and believe, and thereon allege, that at all times relevant to this Complaint, Defendant MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an entity ("MUSIC") was and is an entity organized and exiting under the laws of one of the states of the United States, doing business in Orange County, California, authorized to do business in California, and authorized to conduct business as an insurer issuing insurance policies to California insureds through California licensed brokers.

6.     Plaintiff does not know the true names of Defendants Does 1 through 50 and therefore sues them by those fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of those Doe Defendants was in some manner legally responsible for the events and happenings alleged in the Complaint and for Plaintiff's injuries and damages. The names, capacities, and relationships of Defendants Does 1 through 50 will be alleged by amendment to this Complaint when they become known to Plaintiff.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction pursuant to California Constitution, Article VI, § 10

and California Code of Civil Procedure §§ 85 and 410.10 over this action brought for damages exceeding $25,000 for tort and contract claims.

8.      This court has personal jurisdiction over the Defendants pursuant to California Code of Civil Procedure § 415.10, et seq.

9.      Venue is proper under California Code of Civil Procedure § 395.5 in Orange County because the insurance contracts provided to Plaintiffs were issued to Plaintiffs in Orange County and the Defendants conduct business within Orange County.

10.     This action is brought within applicable statutory time limits of California law.

## THE INSURANCE POLICY

11.     The Defendants instructed the issuance and/or directly issued to respective Plaintiffs Century and Pure Body, various Commercial General Liability Policies, including Policy Nos. MP0004008011859, MP0004008012457, MP0004008013408, MP0004008014872, MP0004008010747, MP0004008013852, and MP0004008015375, all collectively in effect from 11/18/2017 to 11/18/2022 (including annual renewals with altered numbers), and thus effective during the occurrences alleged in the Underlying Case ("Policy"). In all relevant respects, each of the issued policies contain the same coverage forms, limits, and endorsements. Attached hereto as **Exhibit "A"** is a true and correct copy of Policy No. MP0004008011859 and renewal certificates.

12.     The Policy provides for a limit of $1,000,000 for each occurrence, a personal and advertising limit of $1,000,000, a $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and coverage obligations are subject to the deductibles stated in the Policy.

13.     The Policy contains the following relevant provisions:

**SECTION 1 – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
  **1. Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

COMPLAINT
PAGE 3

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligations or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages **A** and **B**.

…

2. **Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or *intended from the standpoint of the insured*… [emphasis added].

…

**j. Damage to Property**

"Property damage" to:

(1) Property you own, rent, or occupy…

(2) Premises you sell, give away or abandon…

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

…

**m. Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition…; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

…

## COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligations or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages **A** and **B**.

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured *with the knowledge that the act would violate* the rights of another and would inflict "personal and advertising injury". (emphasis added)

**b. Material Published With Knowledge of Falsity**

"Personal and advertising injury" arising out of oral or written publication, in any manner, or material, if done by or at the direction of the insured with knowledge of its falsity.

…

**e. Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. *This exclusion does not apply* to liability for damages that the insured would have in the absence of the contract or agreement [emphasis added].

**f. Breach of Contract**
"Personal and advertising injury" arising out of a breach of contract, *except an implied contract to use* another's advertising idea in your "advertisement" [emphasis added].

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**
See Replacement Clause below.
…

**l. Unauthorized Use of Another's Name or Product**
"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.
…

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**
1.  We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend
    a. All expenses we incur.
    …
    d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.
    e.  All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.
    f.  Prejudgment interest awarded against the insured…
    g.  All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in the court the part of the judgment that is within the applicable limit of insurance.
    These payments will not reduce the limits of insurance
    …

**SECTION II – WHO IS AN INSURED**
1.  If you are designated in the Declaration as:
    …
    d.  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
    …

**SECTION V -- DEFINITIONS**
…
3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
    …
6.  "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or other similar governing document.
    …
13.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
14.  [Replaced with definition in endorsement set forth below.]
    …
17.  "Property damage" means:
    a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury

that caused it; or
b.          Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
For the purposes of this insurance, electronic data is not tangible property. …
…
21.   "Your product":
a. Means:
(1)          Any goods or products, other than real property, manufactured, *sold, handled, distributed, or disposed of* by: (emphasis added)
                    (a)          You;
                    (b)          Others trading under your name; or
                    (c)          A person or organization whose business or assets you have acquired;
and
…

**EXCLUSION – INFRINGEMENT OF INTELLECTUAL PROPERTY**

This endorsement modifies insurance provided under the following:
          COMMERCIAL GENERAL LIABILITY COVERAGE FORM

          **SECTION I – COVERAGES – COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY 2.-**
          **Exclusions I. – Infringement of Copyright, Patent, Trademark or Trade Secret** is replaced with the following:
          **i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**
          "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

          **SECTION V – DEFINITIONS – 14.** is replaced with the following:
          **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
          a.    False arrest, detention or imprisonment;
          b.    Malicious prosecution;
          c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
          d.    Oral or written publication, an any manner, of material that slanders or libels a person or organization or disparages person's or organization's goods, products or services; or
          e.    Oral or written publication, in any manner, of material that violates a person's right of privacy.

          **PUNITIVE DAMAGES EXCLUSION**
          This insurance does not apply to any fines, penalties, punitive damages, exemplary damages, treble damages or the multiplication of compensatory damages.

          14.          Plaintiffs are informed and believe, and on that basis allege, that the Policy was in force at all relevant times for the events claimed in the Underlying Case.

          15.          No payments of amounts for covered losses have been made by any of the Defendants to any of the Plaintiffs.

          16.          Plaintiffs have fully complied with and performed all terms and conditions of the

COMPLAINT
PAGE 6

Policy and have made all premium payments required thereby.

## **THE UNDERLYING CASE**

17.   This case is based on the underlying action *GForce Corporation v. Floyd Thomas Smith, et. al.,* Case No. 8:20-cv-0242, filed in the United States District Court, Central District of California on December 24, 2020 ("Underlying Case"). Attached hereto as "**Exhibit B**" is a true and correct copy of the Complaint for the Underlying Case.

18.   The Complaint in the Underlying Case is brought by GForce Corporation, an entity ("GForce") against Century, Pure Body, and Smith. Smith is director, officer, and shareholder in both of the entities, Century and Pure Body Logics.

19.   Century and Pure Body rent space in a warehouse at 1144 N. Grove Street, Anaheim, California ("Anaheim warehouse"), and so do other companies.

20.   The Complaint in the Underlying Case makes factual allegations, all disputed as false, that one or more of the Plaintiffs (mostly on information and belief) have infringed trademarks, diluted trademark rights, converted and/or misappropriated products, and unfairly competed, causing GForce damages.

21.   In the Underlying Case, GForce alleges it has suffered damages for purported trademark infringement and dilution, *and also* for dilution by tarnishment (disparagement). To the extent the allegations and issues involve claims related to disparagement and consensual actions, Plaintiffs herein aver that insurance coverage exists under the Policy.

22.   That same Complaint contains allegations that raise the issue of whether agreements existed initially among these entities, all of which are operated and owned by family members (Smith and his children), to cooperate in the manufacture, import, promotion, and distribution of products. To the extent the alleged conduct was in fact consensual and authorized, as suggested by the conflicting allegations, Plaintiffs herein believe and aver the Policy exclusion against intentional harmful acts does not apply, but instead there should be insurance coverage.

23.   Plaintiffs Century and Smith tendered defense of the Underlying Case to MUSIC

March 22, 2021. Plaintiffs received a rejection of coverage notice, but subsequently Plaintiffs informed their legal counsel that both Century and Pure Body were in fact insured by MUSIC. Accordingly, all Plaintiffs sent a new tender of defense to MUSIC on February 2, 2022. No response was received prior to the filing of this lawsuit.

24.     Plaintiffs believe they have insurance coverage under the Policy based on the broad statements of liability in the Complaint for the Underlying Case that encompass more than trademark interests and more than "intentional" conduct. Plaintiffs believe the insurance coverage encompasses damages sought in the Complaint and extends to the causes of action of the Underlying Case alleging rights and interests other than trademark infringement and alleging unintentional conduct.

25.     Since the filing of the Underlying Case, Plaintiffs have been prejudiced by the conduct of Defendants in relation to the Underlying Case. Plaintiffs should not be forced to prosecute this lawsuit to obtain a determination of their insurance benefits. The failure of Defendants to participate in and provide for coverage for the proceedings, including seeking settlement, of the Underlying Case has caused substantial delay and prejudice to Plaintiffs.

26.     Plaintiffs seek remedies in this Action for breach of contract, bad faith, and declaratory relief in amounts exceeding the minimum jurisdictional limit of this Court.

## FIRST CAUSE OF ACTION
### (Breach of Contract re Century and Smith)
### (Against All Defendants)

27.     Century and Smith reallege and incorporate by this reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     Century and Defendants entered a contractual relationship with one another by virtue of the Insurance Policy identified hereinabove and by virtue of each and every contractual obligation imposed on them by the Policy. That Policy extends coverage at Section II.1.d to Smith, who is a shareholder, director, and officer of the insured corporation, Century.

29.     Century and Smith have performed each and every obligation, condition, and covenant required of them under the Policy.

30.     Based on the terms of the Policy, and the alleged claims of the Complaint

brought against Century and Smith, Defendants have a duty to defend Century and Smith, and Century and Smith are entitled to a defense.

31.    Century and Smith made timely demand on Defendants and timely tendered their defense.

32.    To the extent reasonably possible, Century and Smith have tried to prevent further damage to their interests by hiring their own counsel and seeking to defend against the claimants in the Underlying Case.

33.    Defendants have breached the contract of insurance as described hereinabove by failing to undertake their contractual obligation and duty to defend.

34.    Defendants have further breached the Policy by violating the duties and obligations incorporated into every insurance contract by operation of California law related to failure to disclose promptly all potentially applicable insurance coverages as required by California Fair Claims Settlement Practices Act Regulations 10 C.C. R. § 2695.4(a).

35.    As a direct and proximate result of Defendants' actions, Century and Smith have incurred and continues to incur damages in an amount to be proven at trial and exceeding this Court's jurisdictional limits, including without limit, increased costs of having to obtain insurance benefits owed by Defendants, economic costs because of delays in defending the Underlying Case, and costs to mitigate and minimize damages because of the uncertainty of receiving the insurance coverage owed.

## SECOND CAUSE OF ACTION
**(Bad Faith re Century and Smith)**
**(Against All Defendants)**

36.    Century and Smith reallege and incorporate by this reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.    Century and Defendants entered into the insurance Policy, the provisions, term, and coverages for which have been described and set forth hereinabove.

38.    The Policy was effective for all relevant times alleged in the Complaint.

39.    The Policy imposes on Defendants an implied, good-faith obligation to Century to act in good faith and deal fairly in investigating, adjusting, and providing policy benefits,

including undertaking the duty to defend when it arises under the terms and conditions of the Policy. The insurance coverage is extended to Smith under Section II.1.d. of the Policy, as a shareholder, director, and officer of Century.

40. By unreasonably delaying and withholding benefits under the Policy and failing to undertake the duty to defend, Defendants have breached their obligations under the Policy and at law to act in good faith and to deal fairly with Century and Smith as follows, without limit:

    a. Refusing to undertake the duty to defend in a timely manner;

    b. Failing to evaluate objectively the claim presented by Century and Smith by an appropriate methodology;

    c. Forcing Century and Smith to institute this litigation to obtain benefits under the Policy;

    d. Placing its interests ahead of those of the insureds, Century and Smith, in an effort to maximize profits, all to the detriment of Century and Smith;

    e. Failing to adopt and implement reasonable standards for the prompt investigation, evaluation, and processing of claims asserted by Century and Smith; and

    f. Failing to advise Century and Smith timely of all potentially applicable insurance coverages.

41. Defendants knew or reasonably should have known that their failure to respond timely and to participate in the Underlying Case by undertaking the duty to defend would be a substantial factor in causing Century and Smith harm.

42. Defendants unfair and unreasonable conduct amounts to bad faith and constitutes a continuing tort that has caused and continues to cause damages to Century and Smith in an amount to be proven at trial and exceeding the jurisdictional limits of this Court.

43. As a proximate cause and result of Defendants decisions, actions, and omissions in handling the claim of Century and Smith, and its continued failure to respond and take on the duty to defend owed under the Policy, Century and Smith have been forced to incur and

continue to incur attorney's fees and costs to obtain the insurance benefits owed by Defendants under the Policy.

44.     As a proximate cause and result of Defendants decisions, actions, and omissions, Century and Smith have suffered and will continue to suffer in the future damages including, without limit, attorneys' fees, litigation costs, expert witness costs, judgment and interest, and indemnity amounts, all to be shown at the time of trial.

45.     The conduct of Defendants described herein has been undertaken by their respective officers, representatives, or agents responsible for their operation and general management, including without limit, claims supervision and operation, underwriting, communications, and decisions. Said conduct and omissions were made on behalf of each Defendant and with conscious disregard of the rights of Century and Smith. Each Defendant had advance knowledge of the activities of the individuals whose acts and omissions were ratified, authorized, and/or approved by the managing agents, whose precise identities are unknown to Century and Smith at this time.

### THIRD CAUSE OF ACTION

**(Breach of Contract re Pure Body and Smith)**
**(Against All Defendants)**

46.     Plaintiffs reallege and incorporate by this reference paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     Pure Body and Defendants entered a contractual relationship with one another by virtue of the Insurance Policy identified hereinabove and by virtue of each and every contractual obligation imposed on them by the Policy. That Policy extends coverage at Section II.1.d to Smith, who is a shareholder, director, and officer of the insured corporation, Pure Body.

48.     Pure Body and Smith have performed each and every obligation, condition, and covenant required of them under the Policy.

49.     Based on the terms of the Policy, and the alleged claims of the Complaint brought against Pure Body and Smith, Defendants have a duty to defend Pure Body and Smith, and Pure Body and Smith are entitled to a defense.

50.     Pure Body and Smith made timely demand on Defendants and timely tendered

their defense.

51.     To the extent reasonably possible, Pure Body and Smith have tried to prevent further damage to their interests by hiring their own counsel and seeking to defend against the claimants in the Underlying Case.

52.     Defendants have breached the contract of insurance as described hereinabove by failing to undertake their contractual obligation and duty to defend.

53.     Defendants have further breached the Policy by violating the duties and obligations incorporated into every insurance contract by operation of California law related to failure to disclose promptly all potentially applicable insurance coverages as required by California Fair Claims Settlement Practices Act Regulations 10 C.C. R. § 2695.4(a).

54.     As a direct and proximate result of Defendants' actions, Pure Body and Smith have incurred and continues to incur damages in an amount to be proven at trial and exceeding this Court's jurisdictional limits, including without limit, increased costs of having to obtain insurance benefits owed by Defendants, economic costs because of delays in defending the Underlying Case, and costs to mitigate and minimize damages because of the uncertainty of receiving the insurance coverage owed.

**FOURTH CAUSE OF ACTION**
**(Bad Faith re Pure Body and Smith)**
**(Against All Defendants)**

55.     Pure Body and Smith reallege and incorporate by this reference paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56.     Pure Body and Defendants entered into the insurance Policy, the provisions, term, and coverages for which have been described and set forth hereinabove.

57.     The Policy was effective for all relevant times alleged in the Complaint.

58.     The Policy imposes on Defendants an implied, good-faith obligation to Pure Body to act in good faith and deal fairly in investigating, adjusting, and providing policy benefits, including undertaking the duty to defend when it arises under the terms and conditions of the Policy. The insurance coverage is extended to Smith under Section II.1.d. of the Policy, as a shareholder, director, and officer of Pure Body.

59.     By unreasonably delaying and withholding benefits under the Policy and failing to undertake the duty to defend, Defendants have breached their obligations under the Policy and at law to act in good faith and to deal fairly with Pure Body and Smith as follows, without limit:

    a.   Refusing to undertake the duty to defend in a timely manner;

    b.   Failing to evaluate objectively the claim presented by Pure Body and Smith by an appropriate methodology;

    c.   Forcing Pure Body and Smith to institute this litigation to obtain benefits under the Policy;

    d.   Placing its interests ahead of those of the insureds, Pure Body and Smith, in an effort to maximize profits, all to the detriment of Pure Body and Smith;

    e.   Failing to adopt and implement reasonable standards for the prompt investigation, evaluation, and processing of claims asserted by Pure Body and Smith; and

    f.   Failing to advise Pure Body and Smith timely of all potentially applicable insurance coverages.

60.     Defendants knew or reasonably should have known that their failure to respond timely and to participate in the Underlying Case by undertaking the duty to defend would be a substantial factor in causing Pure Body and Smith harm.

61.     Defendants unfair and unreasonable conduct amounts to bad faith and constitutes a continuing tort that has caused and continues to cause damages to Pure Body and Smith in an amount to be proven at trial and exceeding the jurisdictional limits of this Court.

62.     As a proximate cause and result of Defendants decisions, actions, and omissions in handling the claim of Pure Body and Smith, and its continued failure to respond and take on the duty to defend owed under the Policy, Pure Body and Smith have been forced to incur and continue to incur attorney's fees and costs to obtain the insurance benefits owed by Defendants under the Policy.

63.     As a proximate cause and result of Defendants decisions, actions, and omissions,

Pure Body and Smith have suffered and will continue to suffer in the future damages including, without limit, attorneys' fees, litigation costs, expert witness costs, judgment and interest, and indemnity amounts, all to be shown at the time of trial.

64.    The conduct of Defendants described herein has been undertaken by their respective officers, representatives, or agents responsible for their operation and general management, including without limit, claims supervision and operation, underwriting, communications, and decisions. Said conduct and omissions were made on behalf of each Defendant and with conscious disregard of the rights of Pure Body and Smith. Each Defendant had advance knowledge of the activities of the individuals whose acts and omissions were ratified, authorized, and/or approved by the managing agents, whose precise identities are unknown to Pure Body and Smith at this time.

**FIFTH CAUSE OF ACTION**
**(Unfair Business Practices (B&P § 17200 et seq.))**
**(Against All Defendants)**

65.    Plaintiffs reallege and incorporate paragraphs 1 through 64 above as if fully set forth herein.

66.    Defendants' conduct alleged herein amounts to an unlawful, unfair, and/or fraudulent business act or practice under California Business and Professions Code (B&P Code) § 17200, et seq. Plaintiffs are informed and believe, and thereon allege, that Defendants' business practices in marketing and selling insurance and adjusting claims under its insurance policies constitute a violation of the provisions of California Fair Claims Settlement Practices Act and Regulations, Insurance Code § 790.03, and 10 C.C.R. § 2695.1 et seq.

67.    Defendants' conduct in handling Plaintiffs' claims and the claims of other persons for insurance benefits made to Defendants by citizens and residents of California was done with a conscious disregard, has caused Plaintiffs and said other persons monetary damage, and constitutes an unfair, unlawful, or fraudulent business practice under California B&P Code § 17200 et seq. Based on information and belief, Defendants continue to engage in such unfair, unlawful, or fraudulent business practices, further harming the taxpayers of the State of California.

68.     On information and belief, and thereon alleged, Defendants have obtained for their own benefits, funds and profits that are the product of the wrongful conduct alleged herein in the nature of premiums collected and adjusting losses incurred but not paid, among other things. Defendants should be directed to disgorge any such gain.

69.     As a result of the conduct of Defendants, Plaintiffs have suffered injury in fact including without limit loss of insurance benefits and loss of money for having to bring this action to enforce its rights under the Policy.

70.     As a direct and proximate cause of Defendants' conduct and omissions, Defendants have been unjustly enriched at an amount to be proven at trial, and Plaintiffs are entitled to restitution in the amount of any such unjust enrichment.

71.     Plaintiffs have no adequate remedy at law for the unfair conduct and omissions of Defendants.

72.     Plaintiffs are entitled to permanent injunctive relief pursuant to B&P Code § 17203 enjoining Defendants, its officers, representatives, agents, and employees from engaging in any further acts against the interests of Plaintiffs, as alleged above.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)
### (Against All Defendants)

73.     Plaintiffs reallege and incorporate by this reference paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74.     An actual controversy and dispute exist between Plaintiffs and Defendants in that Plaintiffs contend Defendants owe Plaintiffs, and each of them, a duty to defend and payments of insurance benefits in an amount to be determined at trial.

75.     Plaintiffs are informed and believe, and based thereon allege, that all Defendants dispute Plaintiffs' contentions and claim that, despite Plaintiffs' status as insureds under the Policy, despite the facts identified and allegations made herein, and despite established California law, Defendants have no duty to defend or obligation to pay Policy benefits.

76.     By reason of the foregoing, there now exists an actual and justiciable controversy among the parties. This Court is vested with the power to declare and adjudicate the right and

legal relationship of the parties to this action with reference to the issues raised by this Complaint.

77.     Plaintiffs therefore seek a judicial determination and declaration of each party's respective rights and duties arising from each party's obligation to the other, and specifically seeks a series of judicial determinations that Defendants all owe a duty to defend Plaintiffs and are liable to Plaintiffs to the extent of the Policy limits, together with the general and special damages sought in this Complaint.

78.     Plaintiffs have no adequate remedy at law. Declaratory relief in this Court will resolve the dispute and controversies between Plaintiffs and Defendants, and it is necessary and proper at this time so that the parties may understand their respective rights and obligations to one another.

## **PRAYER**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

**FIRST CAUSE OF ACTION**

1.  For general and special damages for breach of contract;

2.  For incidental damages for breach of contract in an amount to be determined at trial;

3.  For costs and prejudgment interest on other damages according to proof; and

4.  For such other further relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**

5.  For general damages for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial;

6.  For special damages for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial;

7.  For attorneys' fees, costs, prejudgment interest, and other damages according to proof; and

8.  For such other further relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**

9.  For general and special damages for breach of contract;

10. For incidental damages for breach of contract in an amount to be determined at trial;

11. For costs and prejudgment interest on other damages according to proof; and

12. For such other further relief as the Court deems just and proper.

**FOURTH  CAUSE OF ACTION**

13. For general damages for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial;

14. For special damages for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial;

15. For attorneys' fees, costs, prejudgment interest, and other damages according to proof; and

16. For such other further relief as the Court deems just and proper.

**FIFTH CAUSE OF ACTION**

17. For an order adjudging that Defendants have engaged and continue to engage in unfair, unlawful, or fraudulent business practices under California B&P Code § 17200, et seq.

18. For an order enjoining Defendants from continuing to engage in such unfair, unlawful, or fraudulent business practices;

19. For restitution arising out of the unjust enrichment of Defendants in an amount to be proven at trial;

20. For all attorneys' fees, costs and interest to the extent provided by law; and

21. For such other further relief as the Court deems just and proper.

**SIXTH CAUSE OF ACTION**

22. For a declaration that Defendants have an obligation to defend under the Policy the Underlying Case to the extent the claims therein are brought against Plaintiffs, and each of them;

23. For a declaration that Defendants have an obligation to defend other parties in the Underlying Case to the extent Century is under contractual indemnity and the Policy provisions require said defense;

24. For a declaration that Plaintiffs have expended amounts attributable to their defense in

the Underlying Case and are entitled to recover the amounts of defense fees and costs paid within the insurance coverage.

25. For a declaration that Plaintiffs are entitled to recover amounts of judgments and settlements, including interest, within the Policy terms;

26. For attorneys' fees, costs, and interest to the extent provided by law; and

27. For such other further relief as this Court deems just and proper.

**ALL CAUSES OF ACTION**

19. For cost of suit herein;

20. For prejudgment interest; and

21. For such other further relief as this Court deems just and proper.

DATED: February 24, 2022

GEURTS LAW FIRM

By:     /s/Phillip R. Geurts
        Phillip R. Geurts
        Attorney for Plaintiffs Century Tree Service, Inc.,
        dba Century Products, Pure Body Logics, Inc.,
        and Floyd Thomas Smith

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, an entity; and DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CENTURY TREE SERVICE, INC., dba CENTURY PRODUCTS, a California corporation; PURE BODY LOGICS, INC., a California corporation; and FLOYD THOMAS SMITH, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: Superior Court of California, County of Orange<br>*(El nombre y dirección de la corte es):* Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2022-01247108-CU-IC-CXC<br>Judge Peter Wilson |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Phillip Geurts (SBN 231320) Geurts Law Firm, 17011 Beach Blvd., Suite 900, Huntington Beach, CA 92647 (Tel: 714-307-9192)

| DATE: 02/24/2022<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* Georgina Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|